[J-79-2016][M.O. – Todd, J.]

**IN THE SUPREME COURT OF PENNSYLVANIA**
**MIDDLE DISTRICT**

COMMONWEALTH OF PENNSYLVANIA, : No. 92 MAP 2015
:
         Appellee : Appeal from the Order of the Superior
: Court at 2474 EDA 2014 dated 4/17/15
: affirming the PCRA order of the Monroe
        v. : County Court of Common Pleas,
: Criminal Division, at CP-45-CR-
: 0000018-2012 dated 7/18/14
:
FRANKIE ROSADO, :
:
        Appellant : SUBMITTED:  June 8, 2016


**CONCURRING OPINION**


**CHIEF JUSTICE SAYLOR**                  **DECIDED:  November 22, 2016**


      I join the majority opinion except for the passages distinguishing *Commonwealth v. Reed*, 601 Pa. 257, 971 A.2d 1216 (2009).  I am of the view that the waiver of all claims presented on direct appeal, as occurred in *Reed* – resulting in a complete forfeiture of as-of-right direct appellate review – is tantamount to a complete denial of counsel.  *Accord id.* at 276-77, 971 A.2d at 1227 (Saylor, J., dissenting).  Indeed, from my point of view, the majority's effort to distinguish *Reed* is in tension with the salutary thrust of its opinion.  *See* Majority Opinion, *slip op.* at 15 ("[T]he filing of a brief that raises only waived issues . . . [is] akin to failing to file documents perfecting an appeal."); *id.* at 15 n.11 (distinguishing "a brief so poor as to warrant a finding of waiver" from "one which is merely deficient in some aspect or another"); *id.* at 15-16 ("There is no meaningful difference between an attorney who fails to file a notice of appeal, Rule

1925(b) statement, brief, or petition for allowance of appeal – thereby forfeiting his client's right to appeal – and one who makes all necessary filings, but does so relative solely to claims he has not preserved for appeal, producing the same end.").

Justices Wecht and Mundy join this concurring opinion.